UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEXCEL PURNELL,

        Plaintiff,

                                CASE NO. 2:07-CV-12197
v.                             HONORABLE ARTHUR J. TARNOW

CORETTA J. SISSON,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

The Court has before it Plaintiff Lexcel Purnell's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has been granted permission to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Cooper Street Correctional Facility in Jackson, Michigan. Defendant Coretta Sisson is a mail room clerk at that facility.

In his complaint, Plaintiff alleges that Defendant Sisson failed to forward a $5.00 filing fee to the federal district court, resulting in the dismissal of his federal habeas action in 2006. Plaintiff seeks injunctive relief and monetary damages. For the reasons set forth below, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that his complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**II.     Analysis**

Plaintiff has been granted *in forma pauperis* status so that he may proceed without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  Additionally, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional.  An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983.  *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co. Tenn.*, 34 F.3d 345,

348 (6th Cir. 1994) (ruling that even gross negligence is not actionable under § 1983, because it is not "arbitrary in the constitutional sense").

Plaintiff asserts that Defendant Sisson failed to submit his habeas filing fee to the federal district court, but does not set forth any facts indicating that such conduct was intentional in the constitutional sense. Conclusory allegations of unconstitutional conduct are insufficient to state a civil rights claim. *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987). Plaintiff's complaint is therefore subject to dismissal for failure to state a claim upon which relief may be granted.

Plaintiff has also failed to state claim to the extent he asserts that Defendant Sisson's action denied him access to the courts. Prisoners have a constitutional right of access to the courts, *see Lewis v. Casey*, 518 U.S. 343 (1996), but that right is not unlimited. It encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 356. Plaintiff has not been denied such opportunity. Although his federal habeas action was dismissed for failure to pay the filing fee, the dismissal was without prejudice. Plaintiff had the opportunity to submit another petition with the required filing fee and/or an application to proceed *in forma pauperis* in the federal court. The documents attached to the complaint reveal that the prison was willing to pay for additional costs associated with corrective action. Plaintiff has not alleged facts to support his claim for relief.

**III.     Conclusion**

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Accordingly,

**IT IS ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 4, 2007

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 4, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary